AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| This document relates to | CASE NO. 3:08-cv-1858-CRB |
| JOHN ADAMS, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and MONSANTO COMPANY, | |
| Defendants. | |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3    ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4    Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5    follows:

6                                                    **I.**

7                                   **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10   generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11   specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12                                                   **II.**

13                                              **ANSWER**

14                      **Response to Allegations Regarding Parties**

15   1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16   deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20   time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21   marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22   healthcare providers who are by law authorized to prescribe drugs in accordance with their

23   approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 11, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

3  and deny the remaining allegations in this paragraph of the Complaint.

4  7.      Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

8  and deny the remaining allegations in this paragraph of the Complaint.

9  8.      Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

11  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  9.      Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

16  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

17  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

18  and deny the remaining allegations in this paragraph of the Complaint.

19  10.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

21  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

23  and deny the remaining allegations in this paragraph of the Complaint.

24  11.     Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

26  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

27  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:08-cv-1858-CRB

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

1    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

2    and deny the remaining allegations in this paragraph of the Complaint.

3    18.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

5    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

6    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

7    and deny the remaining allegations in this paragraph of the Complaint.

8    19.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

10   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

11   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

12   and deny the remaining allegations in this paragraph of the Complaint.

13   20.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

15   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

16   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

17   and deny the remaining allegations in this paragraph of the Complaint.

18   21.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

20   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

21   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

22   and deny the remaining allegations in this paragraph of the Complaint.

23   22.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

25   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   23.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    29.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

4    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

5    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

6    and deny the remaining allegations in this paragraph of the Complaint.

7    30.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

9    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

10   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

11   and deny the remaining allegations in this paragraph of the Complaint.

12   31.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

14   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

15   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

16   and deny the remaining allegations in this paragraph of the Complaint.

17   32.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

19   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

20   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

21   and deny the remaining allegations in this paragraph of the Complaint.

22   33.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

24   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

25   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

26   and deny the remaining allegations in this paragraph of the Complaint.

27   34.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

3  and deny the remaining allegations in this paragraph of the Complaint.

4  35.     Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

8  and deny the remaining allegations in this paragraph of the Complaint.

9  36.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

11  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  37.     Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

16  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

17  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

18  and deny the remaining allegations in this paragraph of the Complaint.

19  38.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

21  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

23  and deny the remaining allegations in this paragraph of the Complaint.

24  39.     Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

26  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

27  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

2    and deny the remaining allegations in this paragraph of the Complaint.

3    46.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

5    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

6    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

7    and deny the remaining allegations in this paragraph of the Complaint.

8    47.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

10   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

11   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

12   and deny the remaining allegations in this paragraph of the Complaint.

13   48.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

15   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

16   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

17   and deny the remaining allegations in this paragraph of the Complaint.

18   49.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

20   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

21   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

22   and deny the remaining allegations in this paragraph of the Complaint.

23   50.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

25   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   51.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    57.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

4    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

5    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

6    and deny the remaining allegations in this paragraph of the Complaint.

7    58.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

8    business in New York.    Defendants admit that, as the result of a merger in April 2003,

9    Pharmacia became a subsidiary of Pfizer.    Defendants state that the allegations in this paragraph

10   of the Complaint regarding "predecessors in interest" are vague and ambiguous.    Defendants

11   are without knowledge or information sufficient to form a belief as to the truth of such

12   allegations, and, therefore, deny the same.    Defendants admit that, during certain periods of

13   time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

14   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15   accordance with their approval by the FDA.    Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   59.    Defendants admit that Searle is a Delaware limited liability company with its principal

18   place of business in Illinois.    Defendants admit that Pharmacia acquired Searle in 2000 and that,

19   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

20   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22   Celebrex® in the United States to be prescribed by healthcare providers who are by law

23   authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny

24   the remaining allegations in this paragraph of the Complaint.

25   60.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

26   Monsanto") was incorporated under the laws of Delaware.    On March 31, 2000, a subsidiary of

27   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

28   to Pharmacia Corporation.    On February 9, 2000, a separate company, Monsanto Ag Company,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

2   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

3   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

4   distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

5   Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

6   sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

7   proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

8   Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

9   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

10  of the Complaint referring to Monsanto and/or Defendants.

11  61.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

12  business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

13  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

14  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

15  Celebrex® in the United States, including California, to be prescribed by healthcare providers

16  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  **Response to Allegations Regarding Jurisdiction and Venue**

19  62.    Defendants are without knowledge or information to form a belief as to the truth of the

20  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

21  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

22  in controversy exceeds $75,000, exclusive of interests and costs.

23  63.    Defendants are without knowledge or information to form a belief as to the truth of the

24  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

25  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

26  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

27  interests and costs.

28  64.    Defendants are without knowledge or information to form a belief as to the allegations

in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the States of California, South Carolina, Arkansas, Mississippi, Michigan, Massachusetts, Alaska, Wisconsin, South Dakota, New Mexico, Washington, and Maryland,, and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the States of California, South Carolina, Arkansas, Mississippi, Michigan, Massachusetts, Alaska, Wisconsin, South Dakota, New Mexico, Washington, and Maryland, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

66.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Factual Allegations**

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.    Answering the second Paragraph 64 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint.

65.     Answering the second Paragraph 66 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

66.     Answering the second Paragraph 66 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

67.     Answering the second Paragraph 67 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

68.     Answering the second Paragraph 68 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

69.     Answering the second Paragraph 69 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

72.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     attempt to characterize the Medical Officer Review is denied. Defendants state that the

2     referenced article speaks for itself and respectfully refer the Court to the article for its actual

3     language and text. Any attempt to characterize the article is denied. Defendants deny the

4     remaining allegations in this paragraph of the Complaint.

5     81.     Defendants state that the referenced article speaks for itself and respectfully refer the

6     Court to the article for its actual language and text. Any attempt to characterize the article is

7     denied. Defendants deny any wrongful conduct and deny the remaining allegations in this

8     paragraph of the Complaint.

9     82.     Defendants state that the referenced articles speak for themselves and respectfully refer

10     the Court to the articles for their actual language and text. Any attempt to characterize the

11     articles is denied. Defendants state that the referenced study speaks for itself and respectfully

12     refer the Court to the study for its actual language and text. Any attempt to characterize the

13     study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

14     83.     Defendants state that the referenced Medical Officer Review speaks for itself and

15     respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

16     attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

17     allegations in this paragraph of the Complaint.

18     84.     Plaintiffs fail to provide the proper context for the allegations concerning "Public

19     Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or

20     knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21     Defendants deny the remaining allegations in this paragraph of the Complaint.

22     85.     Defendants state that the referenced study speaks for itself and respectfully refer the

23     Court to the study for its actual language and text. Any attempt to characterize the study is

24     denied. Plaintiffs fail to provide the proper context for the allegations concerning "Public

25     Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or

26     knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27     Defendants deny the remaining allegations in this paragraph of the Complaint.

28     86.     Defendants admit that there was a clinical trial called APC. Defendants state that the

referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that the referenced FDA Class Review speaks for itself and respectfully refer the Court to the CLASS Review for its actual language and text. Any attempt to characterize the CLASS Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

91.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  this paragraph of the Complaint.

2  92.     Defendants state that the referenced Medical Officer Review speaks for itself and

3  respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

4  attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

5  allegations in this paragraph of the Complaint.

6  93.     Defendants state that allegations in this paragraph of the Complaint regarding Vioxx®

7  in this paragraph of the Complaint are not directed toward Defendants, and therefore no

8  response is required. To the extent that a response is deemed required, Plaintiffs fail to provide

9  the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

10 this paragraph of the Complaint. Defendants therefore lack sufficient information or

11 knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

12 Defendants state that the referenced study speaks for itself and respectfully refer the Court to

13 the study for its actual language and text. Any attempt to characterize the study is denied.

14 Defendants deny the remaining allegations in this paragraph of the Complaint.

15 94.     Defendants state that allegations in this paragraph of the Complaint regarding Merck

16 and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

17 therefore no response is required. To the extent that a response is deemed required, Plaintiffs

18 fail to provide the proper context for the allegations in this paragraph of the Complaint

19 regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack

20 sufficient information or knowledge to form a belief as to the truth of such allegations and,

21 therefore, deny the same. Defendants state that the referenced study speaks for itself and

22 respectfully refer the Court to the study for its actual language and text. Any attempt to

23 characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

24 the Complaint.

25 95.     Defendants state that allegations in this paragraph of the Complaint regarding Merck

26 and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

27 therefore no response is required. To the extent that a response is deemed required, Plaintiffs

28 fail to provide the proper context for the allegations in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

97.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny the allegations in this paragraph of the Complaint.

100.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

102.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

2    in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

3    surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

4    relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

5    and older. Defendants deny any wrongful conduct and deny the remaining allegations in this

6    paragraph of the Complaint.

7    108.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information. Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which at all times was adequate and comported with applicable standards of care and law.

11   Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

12   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

13   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

14   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

15   allegations in this paragraph of the Complaint.

16   109.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information. Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

21   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

22   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

23   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

24   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

25   United States to be prescribed by healthcare providers who are by law authorized to prescribe

26   drugs in accordance with their approval by the FDA. Defendants deny the remaining

27   allegations in this paragraph of the Complaint.

28   110.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-27-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which at all times was adequate and comported with applicable standards of care and law.

4    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

5    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

6    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

8    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

9    United States to be prescribed by healthcare providers who are by law authorized to prescribe

10   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   111.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   112.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   113.    Defendants deny the allegations in this paragraph of the Complaint.

25   114.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   115.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   116.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  118.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® are and were adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® are and were adequately described in its FDA-approved prescribing information,

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

3   the study for its actual language and text.  Any attempt to characterize the study is denied.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   120.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

8   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9   effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Celebrex® are and were adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  **<u>Response to First Cause of Action: Negligence</u>**

15  121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

16  Complaint as if fully set forth herein.

17  122.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  admit that they had duties as are imposed by law but deny having breached such duties.

20  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  123.    Defendants state that this paragraph of the Complaint contains legal contentions to

27  which no response is required.  To the extent that a response is deemed required, Defendants

28  admit that they had duties as are imposed by law but deny having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.    Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    124.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

9    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

10    effective when used in accordance with its FDA-approved prescribing information.    Defendants

11    state that the potential effects of Celebrex® were and are adequately described in its FDA-

12    approved prescribing information, which was at all times adequate and comported with

13    applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

14    remaining allegations in this paragraph of the Complaint, including all subparts.

15    125.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

17    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

18    effective when used in accordance with its FDA-approved prescribing information.    Defendants

19    state that the potential effects of Celebrex® were and are adequately described in its FDA-

20    approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23    126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.    Defendants state that the potential effects of

25    Celebrex® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28    the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 129 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

132. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

133. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

134. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

135. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    in this paragraph of the Complaint.

2    136.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

4    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

9    Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

10   remaining allegations in this paragraph of the Complaint.

11   137.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

16   remaining allegations in this paragraph of the Complaint.

17   138.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information.  Defendants

21   state that the potential effects of Celebrex® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

24   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

25   remaining allegations in this paragraph of the Complaint.

26   139.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 144 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

145.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

148.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

paragraph of the Complaint.

149.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 153 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

<u>**Response to Fourth Cause of Action: Breach of Implied Warranty**</u>

154.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

155.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    applicable standards of care and law. Defendants admit that they provided FDA-approved

2    prescribing information regarding Celebrex®. Defendants deny the remaining allegations in

3    this paragraph of the Complaint.

4    159.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6    Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case,

7    Celebrex® was expected to reach users and consumers without substantial change from the

8    time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

9    160.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information. Defendants

13   state that the potential effects of Celebrex® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law. Defendants deny any wrongful conduct, deny that they

16   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

17   161.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

18   damage, and deny the remaining allegations in this paragraph of the Complaint.

19   162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

20   damage, and deny the remaining allegations in this paragraph of the Complaint.

21           Answering the unnumbered paragraph following Paragraph 162 of the Complaint,

22   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

25   163.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26   Complaint as if fully set forth herein.

27   164.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is required. To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  admit that they had duties as are imposed by law but deny having breached such duties.

2  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

3  FDA-approved prescribing information.  Defendants state that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  165.   Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint, including all subparts.

14  166.   Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  167.   Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

168.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    172.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   173.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   174.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   175.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

28   damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    176.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    Answering the unnumbered paragraph following Paragraph 176 of the Complaint,

4    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    **Response to Sixth Cause of Action: Unjust Enrichment**

7    177.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8    Complaint as if fully set forth herein.

9    178.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14   Celebrex® in the United States to be prescribed by healthcare providers who are by law

15   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

16   the remaining allegations in this paragraph of the Complaint.

17   179.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

20   paragraph of the Complaint.

21   180.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

24   paragraph of the Complaint.

25   181.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

182. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 182 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.     The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.     Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.     At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.     Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

1    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

2    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

3    liable in any way.

4    **Ninth Defense**

5    9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

6    intervening causes for which Defendants cannot be liable.

7    **Tenth Defense**

8    10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were

9    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

10   of God.

11   **Eleventh Defense**

12   11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

13   **Twelfth Defense**

14   12.     A manufacturer has no duty to warn patients or the general public of any risk,

15   contraindication, or adverse effect associated with the use of a prescription medical product.

16   Rather, the law requires that all such warnings and appropriate information be given to the

17   prescribing physician and the medical profession, which act as a "learned intermediary" in

18   determining the use of the product.  Celebrex® is a prescription medical product, available only

19   on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

20   treating and prescribing physicians.

21   **Thirteenth Defense**

22   13.     The product at issue was not in a defective condition or unreasonably dangerous at the

23   time it left the control of the manufacturer or seller.

24   **Fourteenth Defense**

25   14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

26   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

27   the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

28   usages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

1  and Plaintiffs' causes of action are preempted.

2  **Twenty-third Defense**

3  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

4  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

5  issue under applicable federal laws, regulations, and rules.

6  **Twenty-fourth Defense**

7  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

8  action concerning matters regulated by the Food and Drug Administration under applicable

9  federal laws, regulations, and rules.

10  **Twenty-fifth Defense**

11  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

12  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

13  of Comment j to Section 402A of the Restatement (Second) of Torts.

14  **Twenty-sixth Defense**

15  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

16  because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

17  Restatement (Second) of Torts § 402A, Comment k.

18  **Twenty-seventh Defense**

19  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

20  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

21  to § 6 of the Restatement (Third) of Torts: Products Liability.

22  **Twenty-eighth Defense**

23  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

24  Products Liability.

25  **Twenty-ninth Defense**

26  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

27  facts sufficient under the law to justify an award of punitive damages.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, South Carolina, Arkansas, Mississippi, Michigan, Massachusetts, Alaska, Wisconsin, South Dakota, New Mexico, Washington, and Maryland, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs    failed    to    provide    Defendants    with    timely    notice    of    any    alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-49-

1   labeling with respect to the subject pharmaceutical products were not false or misleading and,

2   therefore, constitute protected commercial speech under the applicable provisions of the United

3   States Constitution.

4   **Thirty-eighth Defense**

5   38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

6   caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

7   law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

8   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

9   Amendment of the United States Constitution, the Commerce Clause of the United States

10  Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

11  applicable provisions of the Constitutions of the States of South Carolina, Arkansas,

12  Mississippi, Michigan, Massachusetts, Alaska, Wisconsin, South Dakota, New Mexico,

13  Washington, Maryland, and California.   Any law, statute, or other authority purporting to

14  permit the recovery of punitive damages in this case is unconstitutional, facially and as applied,

15  to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide

16  and restrain the jury's discretion in determining whether to award punitive damages and/or the

17  amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as

18  to what conduct will result in punitive damages; (3) permits recovery of punitive damages

19  based on out-of-state conduct, conduct that complied with applicable law, or conduct that was

20  not directed, or did not proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive

21  damages in an amount that is not both reasonable and proportionate to the amount of harm, if

22  any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury

23  consideration of net worth or other financial information relating to Defendants; (6) lacks

24  constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

25  punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

26  punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

27  without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

28  *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs .

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.     Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.     Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

1

**Fifty-seventh Defense**

2   57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

3   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

4   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

5   damages is also barred under California Civil Code § 3294(b).

6

**Fifty-eighth Defense**

7   58.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

8   § 15-3-20.

9

**Fifty-ninth Defense**

10  59.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

11  required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

12

**Sixtieth Defense**

13  60.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

14  timely notice, lack of privity, and because the alleged warranties were excluded and/or

15  disclaimed.

16

**Sixty-first Defense**

17  61.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

18  Liability Act, Ark. Code Ann. § 16-116-101, et seq.

19

**Sixty-second Defense**

20  62.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

21  Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

22

**Sixty-third Defense**

23  63.    Any injuries and damages suffered by Plaintiffs, which injuries and damages are

24  expressly denied, are the direct and proximate result of Plaintiffs' own comparative and

25  contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced

26  proportionately to Plaintiffs' own comparative negligence.

27

**Sixty-fourth Defense**

28  64.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-54-

§ 15-3-20.

### Sixty-fifth Defense

65.     The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

### Sixty-sixth Defense

66.     Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

### Sixty-seventh Defense

67.     To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

### Sixty-eighth Defense

68.     Defendants assert all of the protections and defenses afforded them, and Plaintiffs' claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

### Sixty-ninth Defense

69.     The product alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant to MCL 600.2947.

### Seventieth Defense

70.     Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

2   parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

3   must be reduced in total or part pursuant to 600.2946(a).

4                                  **Seventy-first Defense**

5   71.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question

6   was provided to a sophisticated user. In this case, the "user" would include any prescribing

7   physician.

8                                 **Seventy-second Defense**

9   72.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

10  alleged damages, injuries, and monetary losses.

11                                 **Seventy-third Defense**

12  73.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

13  may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

14  within Plaintiffs' control or with full knowledge of Plaintiffs.

15                                 **Seventy-fourth Defense**

16  74.    Any claims for punitive damages are barred in that they are not allowable under

17  Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

18  violate Defendants' constitutional rights under the following clauses of the United States

19  Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

20  Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

21  and Equal Protection.

22                                  **Seventy-fifth Defense**

23  75.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72

24  et seq., and specifically aver that Plaintiffs' common law claims are preempted by the statute

25  and must be dismissed.

26                                  **Seventy-sixth Defense**

27  76.    Plaintiffs have failed to allege conduct warranting imposition of punitive damages under

28  New Mexico law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Seventy-seventh Defense**

77.    The standards in New Mexico governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Seventy-eighth Defense**

78.    Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendants' rights under various provisions of the New Mexico Constitution, including but not limited to Art. II §§  4, 13, 15, 18, and 19.

**Seventy-ninth Defense**

79.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Eightieth Defense**

80.    Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

**Eighty-first Defense**

81.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Constitution, statutes, and decisions of Mississippi courts.

2                                **Eighty-second Defense**

3    82.    Defendants assert that Plaintiffs' claim for punitive damages is governed and limited by

4    Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the

5    same.

6                                **Eighty-third Defense**

7    83.    Celebrex® and the Defendants' actions conformed to the state of the art medical and

8    scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with

9    applicable product safety statutes and regulations as described in Restatement (Third) of Torts:

10   Products Liability § 4.

11                               **Eighty-fourth Defense**

12   84.    Defendants satisfied their duty to warn under the learned intermediary doctrine and

13   Plaintiffs' claims are therefore barred.

14                               **Eighty-fifth Defense**

15   85.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and

16   hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

17                               **Eighty-sixth Defense**

18   86.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

19   complete relief cannot be accorded to those already parties to the action and will result in

20   prejudice to Defendants in any possible future litigation.

21                              **Eighty-seventh Defense**

22   87.    Any judicially-created definitions of manufacturing defect and design defect, and

23   standards for determining whether there has been an actionable failure to ward, are

24   unconstitutional in that, among other things, they are void for vagueness and undue burden on

25   interstate commerce, as well as an impermissible effort to regulate in an area that previously has

26   been preempted by the federal government.

27                              **Eighty-eighth Defense**

28   88.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

2  award of punitive damages is barred.

3  **Eighty-ninth Defense**

4  89.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring

5  such claims.

6  **Ninetieth Defense**

7  90.    Defendants reserve the right to supplement their assertion of defenses as they continue

8  with their factual investigation of Plaintiffs' claims.

9  **V.**

10  **PRAYER**

11  WHEREFORE, Defendants pray for judgment as follows:

12  1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

13  2.    That the Complaint be dismissed;

14  3.    That Defendants be awarded their costs for this lawsuit;

15  4.    That the trier of fact determine what percentage of the combined fault or other liability

16        of all persons whose fault or other liability proximately caused Plaintiffs' alleged

17        injuries, losses, or damages is attributable to each person;

18  5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

19        than an amount which equals their proportionate share, if any, of the total fault or other

20        liability which proximately caused Plaintiffs' injuries and damages; and

21  6.    That Defendants have such other and further relief as the Court deems appropriate.

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

ANSWER TO COMPLAINT – 3:08-cv-1858-CRB

1    May 30, 2008                              GORDON & REES LLP

2

3                                       By: : _____ /s/ _____

4                                       Stuart M. Gordon
                                        sgordon@gordonrees.com

5                                         Embarcadero Center West
                                        275 Battery Street, 20th Floor

6                                         San Francisco, CA 94111
                                        Telephone:  (415) 986-5900

7                                         Fax:  (415) 986-8054

8    May 30, 2008                              TUCKER ELLIS & WEST LLP

9

10                                       By: : _____ /s/ _____

11                                       Michael C. Zellers
                                      michael.zellers@tuckerellis.com

12                                       515 South Flower Street, Suite 4200
                                      Los Angeles, CA 90071

13                                       Telephone:  (213) 430-3400
                                      Fax:  (213) 430-3409

14

15                                       Attorneys for Defendants
                                      PFIZER INC., PHARMACIA

16                                       CORPORATION, and G.D. SEARLE
                                      LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 30, 2008                              GORDON & REES LLP


By: :_____/s/_____
       Stuart M. Gordon
       sgordon@gordonrees.com
       Embarcadero Center West
       275 Battery Street, 20th Floor
       San Francisco, CA  94111
       Telephone:  (415) 986-5900
       Fax:  (415) 986-8054

May 30, 2008                              TUCKER ELLIS & WEST LLP


By: :_____/s/_____
       Michael C. Zellers
       michael.zellers@tuckerellis.com
       515 South Flower Street, Suite 4200
       Los Angeles, CA 90071
       Telephone:  (213) 430-3400
       Fax:  (213) 430-3409

       Attorneys for Defendants
       PFIZER INC., PHARMACIA
       CORPORATION, and G.D. SEARLE
       LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111